# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVEY SUTTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 08-134-JHP-KEW |
| DEPARTMENT OF CORRECTIONS, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, challenging his conviction in Latimer County District Court Case No. CF-03-131 for Witness Intimidation by Causing Mental Harm through Fear. The respondent asserts petitioner is not "in custody," so the jurisdictional requirements for federal habeas review have not been met.

Petitioner alleges he received a one-year suspended sentence in Case No. CF-03-131, and his probation period began May 8, 2007. His habeas corpus petition was filed on April 4, 2008 [Docket #2]. The respondent contends that because the one-year period probation ended on May 8, 2008, before the respondent's response to the petition was filed on May 14, 2008, petitioner is not "in custody" for habeas corpus purposes. This unsupported argument by the respondent is a very convenient analysis, especially when the respondent was granted permission by the court to file his response *after* the one-year period had expired [Docket #7 and #8]. Counsel for the respondent is admonished to familiarize himself with the basic tenets of habeas corpus law.

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to

the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (1991) (citing 28 U.S.C. § 2254(a)). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Furthermore, according to the website for the Oklahoma State Courts Network, www.oscn.net, the State of Oklahoma's attempt to revoke petitioner's probation still is pending, a situation which the respondent admits would place petitioner "in custody" for habeas corpus purposes.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket #9] is DENIED, and the respondent is directed to show cause why the writ should not issue by filing within thirty (30) days an answer to the petition.

**IT IS SO ORDERED** this 8th day of December 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma