# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVEY JOE SUTTON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 08-134-JHP-KEW |
| | ) |
| **DEPARTMENT OF CORRECTIONS,** | ) |
| | ) |
| Respondent. | ) |

## ORDER AFFIRMING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 23, 2010, the United States Magistrate Judge entered her Report and Recommendation (Docket No. 25) in regard to Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1). The Magistrate Judge recommended the petition be dismissed. Report and Recommendation at 20, Docket No. 25. On January 19, 2011, the Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation. Docket No. 35.

In his Objection to the Report and Recommendation, Petitioner renewed his arguments that (1) there was insufficient evidence to support conviction, and (2) the criminal statute upon which his conviction rests is unconstitutionally vague. *See generally* Objection to Report & Recommendation, Docket No. 35. The Court has reviewed Petitioner's objections and has determined them to be without merit.

With regard to Petitioner's first objection, after review of the entire record and considering the evidence in the light most favorable to the prosecution, this Court finds that a rational trier of fact could have found each of the essential elements of the crime beyond a reasonable doubt. *See* Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Report & Recommendation correctly asserted

that "the [Oklahoma Court of Criminal Appeals'] decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Report & Recommendation at 17, Docket No. 25. The OCCA's determination regarding the sufficiency of the evidence at trial was therefore neither contrary to, nor an unreasonable application of, established federal law.

With regard to Petitioner's second objection, this Court concurs with both the Oklahoma Court of Criminal Appeals' ("OCCA") and the Magistrate Judge's finding that the term "mental harm" is not unconstitutionally vague when read in the entire context of OKLA. STAT. tit. 21, § 455(A). The statute, read as a whole, adequately defines the criminal conduct such that "ordinary people can understand what conduct is prohibited" and does so without "encourag[ing] arbitrary and discriminatory enforcement." *See* Kolender v. Lawson, 461 U.S. 352, 357 (1983). Thus, the OCCA's determination that OKLA. STAT. tit. 21, § 455(A) was not unconstitutionally vague did not contravene nor unreasonably apply federal law.

Petitioner's objections must be overruled. The Court finds that the Report and Recommendation of the Magistrate Judge is fully supported by the record and applicable case law. Therefore, upon full consideration of the entire record and the issues presented herein, this Court finds and orders that the Report and Recommendation entered by the United States Magistrate Judge on November 23, 2010 be **AFFIRMED** and **ADOPTED** by this Court as its Findings and Order. Petitioner's Petition for Writ of Habeas Corpus is therefore **DISMISSED**.

**IT IS SO ORDERED this 23rd day of June, 2011.**

James H. Payne
United States District Judge
Eastern District of Oklahoma

2